**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0262-24

SENECA INSURANCE
COMPANY, INC., a/s/o
FASTLINE CARGO, LLC,

     Plaintiff-Appellant,

v.

THEOPHILUS O. CHARLES,
KEYSTONE FREIGHT CORP.
and NATIONAL RETAIL
SYSTEMS, INC.,

     Defendants-Respondents.

_____

Submitted September 9, 2025 – Decided September 22, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2143-22.

O'Toole Scrivo, LLC, attorneys for appellant (Gina M. Apostolico, of counsel and on the briefs).

Marshall Dennehey, PC, attorneys for respondents (Sara Ward Mazzolla, of counsel and on the brief; Walter F. Kawalec, III, on the brief).

PER CURIAM

In this insurance subrogation lawsuit arising from a motor vehicle accident, plaintiff Seneca Insurance Company, Inc. appeals the directed verdict dismissing its claims against defendants Theophilus O. Charles, Keystone Freight Corp., and National Retail Systems to recover the $13,850.50 paid to repair Fastline Cargo, LLC's vehicle, which Seneca insured. We reverse and remand for retrial.

Tractor-trailers owned by Fastline and Keystone collided while traveling in the same direction on 16th Street in North Bergen. At the ensuing bench trial, Seneca represented that Fastline's driver, Atul R. Kamath, was unavailable to testify because she no longer worked for the company. To prove that Charles, Keystone's driver, was liable for the accident, Seneca relied solely on a five-second surveillance camera video depicting the collision. To substantiate its $13,850.50 damage claim to repair Fastline's vehicle,[1] Seneca proffered an affidavit by its subrogation manager, Greg Polsky, who was responsible "for overseeing the examination [of property damage claims] and [the] valuation of such claims and to identify potential third-party liability and recovery." Polsky

_____

[1] The total repair cost was $16,350.50 but Fastline paid a $2,500 deductible which Seneca is not seeking.

A-0262-24

attested that he "observ[ed] the . . . photographs of the damage to the insured[] Fastline [vehicle], the . . . repair estimate in the amount of $16,350.50 . . . and deemed [it] reasonable given the extent of the damage to the vehicle."

At the close of Seneca's case, the trial court granted Keystone's motion for directed verdict to dismiss the lawsuit, finding the video and Polsky's affidavit insufficient to sustain Seneca's burden of proof. The court noted in its bench ruling that although the video depicted the accident, without testimony from Kamath, Seneca could not establish Keystone's liability. Additionally, the court rejected the affidavit as proof of the repair cost, finding Seneca needed to produce someone who repaired the vehicle and could authenticate the repair cost. By implication, the court dismissed Seneca's offer to have Polsky testify virtually. This appeal followed.

Our court rules permit the trial court to grant a motion for involuntary dismissal of any action, or part thereof, at the end of a plaintiff's case on "the ground that upon the facts and upon the law[,] the plaintiff has shown no right to relief." R. 4:37-2(b). The motion should be denied "[w]hether the action is tried with or without a jury, . . . if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor." Ibid. Stated another way, a directed verdict is proper only "if the evidence and

3

uncontradicted testimony is 'so plain and complete that disbelief of the story could not reasonably arise in the rational process of an ordinarily intelligent mind.'" Frugis v. Bracigliano, 177 N.J. 250, 270 (2003) (quoting Ferdinand v. Agric. Ins. Co., 22 N.J. 482, 494 (1956)). Based upon our de novo review and applying these principles, Smith v. Millville Rescue Squad, 225 N.J. 373, 397 (2016), we agree with Seneca that directed verdict was improvidently granted.

Regarding liability, the trial court, without providing factual findings and legal conclusions as required by Rule 1:7-4, found the video did not prove that Charles' negligent driving caused the accident. (T15:9-13). Normally, the absence of such findings impedes review and requires a remand for compliance with the rule. Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015). However, to avoid unnecessary litigation delay, we do not remand here because the record allows us to determine if directed verdict was appropriate. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2018) (citing Leeds v. Chase Manhattan Bank, N.A., 331 N.J. Super. 416, 420-21 (App. Div. 2000) (affirming the grant of summary judgment even though order merely stated "denied")).

Our review of video evidence is deferential to the trial court. State v. S.S., 229 N.J. 360, 380-81 (2017). We do not reverse a trial court's factual

4

findings merely due to disagreement with its interpretation, but only if the ruling is "so clearly mistaken — so wide of the mark — that the interests of justice demand intervention." Id. at 381; see also State v. McNeil-Thomas, 238 N.J. 256, 271-72 (2019).

We conclude the trial court's assessment of the video demands correction for Seneca to establish Keystone was negligent. Dismissing the lawsuit by directed verdict effectively found that even giving Seneca all reasonable inferences from the video, Keystone's negligence was not reasonably shown. We see it very differently. As Seneca correctly contends, there was no challenge to the video's validity, authenticity, or relevance. The video shows Fastline's vehicle traveling in the lane closest to the curb and was hit by Keystone's vehicle traveling in the outer lane as both vehicles were making a right turn. Although Keystone argued Fastline was solely liable for the accident, the video is competent evidence raising the reasonable belief that the court, as the fact finder in a bench trial, could have decided the accident was the joint fault of both drivers under the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8. Remand for retrial is warranted so Keystone can present testimony or evidence provided in discovery that the Fastline vehicle caused the accident. We take no position regarding the negligence of either driver.

A-0262-24

Turning to damages, the trial court refused to admit Polsky's affidavit. As with its liability ruling, the court did not state its legal conclusions as required by Rule 1:7-4. But we will address the court's ruling for the reasons stated above.

We afford substantial deference to a trial court's evidentiary rulings and only reverse where there is a clear abuse of discretion. Hrymoc v. Ethicon, Inc., 254 N.J. 446, 463 (2023); see also Green v. N.J. Mfrs. Ins., 160 N.J. 480, 492 (1999). In this case, the court mistakenly applied its discretion in not allowing Polsky to testify.

We agree with Keystone that the affidavit was inadmissible hearsay, as it is an out-of-court statement offered for the truth of the repair cost of the Fastline vehicle. See N.J.R.E 801. However, Polsky was available to testify virtually, which would allow cross-examination. Given his experience with subrogation claims and repair costs, he could assess the reasonableness of the repair cost Seneca paid. While Polsky did not repair the vehicle, he examined photos to assess the damage. The court should have considered whether he qualified as an expert witness under N.J.R.E. 702. If he did, his testimony would be admissible, subject to Keystone's challenge to credibility and the weight to be given to it.

A-0262-24

The court, however, did not determine whether Polsky could testify virtually. Thus, on remand, if Seneca seeks to introduce his virtual testimony, the court should decide if there was "good cause" and "appropriate safeguards" for such accommodation. State v. Reyes-Rodriguez, 480 N.J. Super. 526, 550 (App. Div. 2025) (citation omitted). We take no position whether virtual testimony should be allowed.

In an excess of caution, a different court should conduct the retrial to avoid any claim of impartiality based on its prior findings and conclusions. See Luedtke v. Shobert, 342 N.J. Super. 202, 219 (App. Div. 2001) (expressing concern that the trial court judge would be in an "untenable position" on remand); Graziano v. Grant, 326 N.J. Super. 328, 349 (App. Div. 1999) (explaining a remand to a different court may be appropriate "when there is a concern that the trial [court] has a potential commitment to [its] prior findings"); Carmichael v. Bryan, 310 N.J. Super. 34, 49 (App. Div. 1998) (noting that a judge's expression of opinion might evidence a "commitment to [their] findings").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

7